30099/13466/CLG/AJL                                    USDC No. 6283406

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CLEOLA MINOR, Individually and as | ) | |
| Special Administrator of the Estate of | ) | |
| KATIE DORESEY, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07 C 6824 |
| v. | ) | |
| | ) | |
| UNITED STATES, WEST SUBURBAN | ) | |
| MEDICAL CENTER, a corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendant, WEST SUBURBAN MEDICAL CENTER, by and through its attorneys, CATHERINE L. GARVEY and ANTHONY J. LONGO, and in answer to Plaintiff's Complaint at Law, states as follows:

### JURISDICTION AND VENUE

1.      That this is an action for personal injury and/or death against the United States of America, and therefore, the Court has original jurisdiction pursuant to 28 U. S. C. 1346 (b) (1). Further, the plaintiff invokes pendant and ancillary jurisdiction of this Court to hear and decide claims arising under State Law.

**ANSWER:**

**Defendant admits the allegations.**

2.      That the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

**ANSWER:**

**Defendant admits the allegations.**

3.      Venue is placed in this district because it is where the alleged incident occurred, as hereinafter set forth.

**ANSWER:**

**Defendant admits the allegations.**

## PROCEDURAL HISTORY

1.      On May 22, 2006, the plaintiff filed this medical malpractice action in Illinois State Court, County of Cook, case number 05-L-10008, Cleola Minor, individually and as Special Administrator of the estate of Katie Dorsey, deceased, vs. West Suburban Medical Center, a corporation, Thomas Staff, M.D. and Mark Loafman, M.D.

**ANSWER:**

**Defendant admits the allegations.**

2.      On September 1, 2006, the United States filed a notice of removal in the U.S. District Court for the Northern District of Illinois, Eastern Division, which proceeded as case number 06-C-4763.  In its notice of removal, defendant, United States asserted that defendants Dr. Staff and Dr. Loafman were employees of the United States for Federal Tort Claims Act purposes.

2

**ANSWER:**

**Defendant admits the allegations.**

3.      On September 19, 2006, the United States District Court per the Honorable Elaine E. Bucklo substituted the United States as a defendant in place of Dr. Staff and Dr. Loafman, and dismissed the case without prejudice for failure to file an administrative claim pursuant to the Federal Tort Claims Act.

**ANSWER:**

**Defendant admits the allegations.**

4.      That on October 2, 2006, the court remanded the case as to the defendant, West Suburban Medical Center to the State Court, where it was stayed pending the resolution of the Federal Tort Claims Act administrative claim.

**ANSWER:**

**Defendant admits the allegations.**

5.      That On October 16, 2006, the plaintiff brought her Federal Tort Claims Act claim. That it has been more than six months since this claim was brought, and there has been no resolution of the claim.

**ANSWER:**

**Defendant admits the allegations.**

## COUNT I

1.      That the plaintiff, Cleola Minor is the daughter of the decedent, Katie Dorsey, and is the duly appointed special administrator of the estate.

**ANSWER:**

**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.**

2.      That the plaintiff brings this count pursuant to the Survival Act, 755 ILCS 5/27-6.

**ANSWER:**

**Defendant admits the allegations.**

3.      That on or about July 12, 2004, the defendant, West Suburban owned, operated, managed, and controlled a certain hospital at 9 Erie Court, Oak Park, Cook County, Illinois whereupon it invited members of the public to partake of its hospital care and services.

**ANSWER:**

**Defendant admits West Suburban Medical Center was located at said address on said date, to offer medical services to members of the public, but denies all remaining allegations.**

4.      That on or about July 12, 2004, Katie Dorsey came to the defendant's emergency room and was admitted, with complaints of severe abdominal pain, and multiple episodes of diarrhea and vomiting.

4

**ANSWER:**

**Defendant admits Katie Dorsey visited the West Suburban Hospital on or about July 12, 2004 with complaints as memorialized in her chart, but denies all remaining allegations.**

5.     That it then and there became and was the duty of defendant, West Suburban to exercise proper care for its patient, Katie Dorsey.

**ANSWER:**

**Defendant admits only those duties expressly required under Illinois law, denies plaintiff has accurately alleged that duty, and further denies all remaining allegations.**

6.     That notwithstanding its aforesaid duty, the defendant, West Suburban, by its agents, apparent agents, staff physicians, servants, and employees did then and there breach its aforesaid duty in one or more of the following ways:

(A)     Carelessly and negligently failed to diagnose her appendicitis;

(B)     Carelessly and negligently failed to obtain a recommended surgical consultation;

(C)     Carelessly and negligently failed to treat her appendicitis;

(D)     Carelessly and negligently discharged a patient in an unstable condition;

(E)     Carelessly and negligently failed to notify the attending physician of the patient's unstable and worsening condition.

**ANSWER:**

**Defendant denies all of the allegations, including subparagraphs (A) through (E) and each and every one of them.**

5

7.    That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions, Katie Dorsey sustained injuries, including but not limited to a perforated necrotic appendix and sepsis, and she sustained conscious pain and suffering, and incurred medical expenses in treatment of her condition until her death.

**ANSWER:**

**Defendant denies all of the allegations.**

WHEREFORE, Defendant, WEST SUBURBAN MEDICAL CENTER, denies plaintiff is entitled to any judgment whatsoever and prays judgment be entered in its favor and against plaintiff.

## COUNTS II-III

**ANSWER:**

**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Counts II and III. Further answering, these Counts are not directed at West Suburban Medical Center; therefore defendant makes no responsive pleading thereto.**

## COUNT IV

1.    That the plaintiff, Cleola Minor is the daughter of the decedent, Katie Dorsey, and is the duly appointed special administrator of the estate.

**ANSWER:**

**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.**

2.      That the plaintiff brings this count pursuant to the Wrongful Death Act, 740 ILCS 180/1, et. seq.

**ANSWER:**

**Defendant admits the allegations.**

3-6.      That the plaintiff realleges paragraphs Three through Six of Count I to stand as Paragraphs Three through Six of this Count IV.

**ANSWER:**

**Defendant realleges its responses to paragraphs Three through Six of Count I to stand as Paragraphs Three through Six of this Count IV.**

7.      That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions, Katie Dorsey died on September 18, 2004.

**ANSWER:**

**Defendant denies all of the allegations.**

8.      That Katie Dorsey was survived at the time of her death by her daughters, Cleola Minor, and Linda Towns, and by her sons, Samuel Minor, Jimmy Minor, and Alex Minor, all of whom have been deprived of the decedent's society, love, affection, support and services by reason of her death.  That the estate of Katie Dorsey incurred funeral expenses in connection with her death.

**ANSWER:**

**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations.**

WHEREFORE, Defendant, WEST SUBURBAN MEDICAL CENTER, denies plaintiff is

entitled to any judgment whatsoever and prays judgment be entered in its favor and against plaintiff.

<u>COUNTS V-VI</u>

<u>ANSWER:</u>

**Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Counts V and VI. Further answering, these Counts are not directed at West Suburban Medical Center; therefore defendant makes no responsive pleading thereto.**

Dated: February 29, 2008

Respectfully Submitted,

**WEST SUBURBAN MEDICAL CENTER**

_____ s/ Anthony J. Longo _____
One of its attorneys

Catherine L . Garvey
Anthony J. Longo
CASSIDAY SCHADE LLP
20 N. Wacker Drive, Suite 1040
Chicago, Illinois 60606
Phone: 312-641-3100
Fax: 312-444-1669

Email: CLG@cassiday.com
              AJL@cassiday.com

7092586

8