UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLEOLA MINOR, individually, and as Special Administrator of the Estate of KATIE DORSEY, deceased, <br><br>  Plaintiff, <br><br>  v. <br><br> UNITED STATES OF AMERICA, WEST SUBURBAN MEDICAL CENTER, a corporation, <br><br>  Defendants. | No.  07 C 6824 <br><br> Judge Kennelly |

## THE UNITED STATES' ANSWER

The Defendant, United States of America, by its attorney, Patrick J. Fitzgerald, U.S. Attorney for the Northern District of Illinois, for its answer to the complaint, states as follows:

### First Defense

Any injuries or damages sustained by plaintiff were due in whole or part to the negligent acts or omissions of others over which the United States had no control.

### Second Defense

If deemed employees of the United States are found negligent, which is expressly denied, third parties were also negligent and the United States may only be held liable for its proportionate share of the fault, if any.

### Third Defense

Plaintiff's recovery, if any, is limited in scope to the injuries alleged in plaintiff's administrative claim and to the monetary amounts claimed therein.  28 U.S.C. § 2675(a), (b).

### Fourth Defense

Plaintiff is not entitled to an award of pre-judgment interest as to the United States. 28 U.S.C. § 2674.

### Fifth Defense

Plaintiff is not entitled to an award of post-judgment interest as to the United States.

### Sixth Defense

Answering the specific allegations of the complaint, the defendant United States admits, denies, or otherwise avers as follows:

### JURISDICTION & VENUE

1. That this is an action for personal injury and/or death against the United States of America, and therefore, the court has original jurisdiction pursuant to 28 U.S.C. § 1346(b)(1). Further, the plaintiff invokes pendant and ancillary jurisdiction of this Court to hear and decide claims arising under State law.

   **Answer:** Admit.

2. That the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

   **Answer:** Admit.

3. Venue is placed in this district because it is where the alleged incident occurred, as hereinafter set forth.

   **Answer:** The United States admits that venue as to the United States is properly placed in this district.

## PROCEDURAL HISTORY

1. On May 22, 2006, the plaintiff filed this medical malpractice action in Illinois State Court, County of Cook, case number 05-L-10008, Cleola Minor, individually and as Special Administrator of the estate of Katie Dorsey, deceased, vs. West Suburban Medical Center, a corporation, Thomas Staff, M.D., and Mark Loafman, M.D.

**Answer:** Admit.

2. On September 1, 2006, the United States filed a notice of removal in the U.S. District Court for the Northen District of Illinois, Eastern Division, which proceeded as case number 06-C-4763. In its notice of removal, defendant, United States asserted that defendants Dr. Staff and Dr. Loafman were employees of the United States for Federal tort Claims Act purposes.

**Answer:** Admit.

3. On September 19, 2006, the U.S. District Court per the Honorable Elaine E. Bucklo substituted the United States as a defendant in place of Dr. Staff and Dr. Loafman, and dismissed the case without prejudice for failure to file an administrative claim pursuant to the Federal Tort Claims Act.

**Answer:** Admit.

4. That on October 2, 2006, the court remanded the case as to the defendant, West Suburban Medical Center to the State Court, where it was stayed pending the resolution of the Federal tort Claims Act administrative claim.

**Answer:** The United States admits that the prior action was remanded to state court with regard to West Suburban Medical Center, but is without sufficient knowledge or information to form a belief about the status of that case after remand.

5.     That on October 16, 2006, the plaintiff brought her Federal Tort Claims Act claim. That it has been more than six months since this claim was brought, and there has been no resolution of the claim.

**Answer:**    Admit.

## COUNT I

The United States makes no answer to this count as it is not directed against the United States.

## COUNT II

1-2.    That the plaintiff realleges Paragraphs One and Two of Count I to stand as Paragraphs One and Two of this Count II.

**Answer:**    Defendant United States is without sufficient knowledge or information to form a belief about the averments of paragraph 1. The United States admits the allegations of paragraph 2.

3.     That on or about July 12, 2004, Thomas Staff, M.D., employee of the defendant, United States, did undertake to provide medical care and treatment to Katie Dorsey at the West Suburban Medical Center in Oak Park, Cook County, Illinois and to diagnose and treat her illness and ailments.

**Answer:**    The United States admits Thomas Staff is a deemed employee of the United States and admits the remainder of this paragraph.

4.     That by virtue of the aforesaid, there arose a duty on the part of the defendant, United States by its employee, Thomas Staff, M.D. to provide proper medical care within the standard of care to Katie Dorsey.

**Answer:**  The United States admits that Thomas Staff is a deemed employee of the United States and admits the remainder of this paragraph.

5. That the defendant, United States by its employees, Thomas Staff, M.D., did then and there breach this aforesaid duty in one or more of the following ways:

    A. Carelessly and negligently failed to diagnose her appendicitis;

    B. Carelessly and negligently filed to obtain a surgical consultation for Katie Dorsey;

    C. Carelessly and negligently failed to treat her appendicitis;

    D. Carelessly and negligently filed to provide criteria to the West Suburban Medical Center staff for preventing Katie Dorsey's unsafe discharge in an unstable condition.

**Answer:**  Deny.

6. That the plaintiff realleges Paragraph Seven of Count I to stand as Paragraph Six of this Count II.

**Answer:**  Deny.

## COUNT III

1-2. That the plaintiff realleges Paragraph One and Two of Count I to stand as Paragraphs One and Two of this Count III.

**Answer:**  Defendant United States is without sufficient knowledge or information to form a belief about the averments of paragraph 1. The United States admits the allegations of paragraph 2.

3. That on oar about July 15, 2004, the defendant, United States, by its' employee, Mark Loafman, M.D., did undertake to provide medical care and services to Katie Dorsey at his office in Oak Park, Cook County, Illinois, and to diagnose and treat her illnesses and ailments.

**Answer:** The United States admits Mark Loafman is a deemed employee of the United States and admits the remainder of this paragraph.

4. That by virtue of the aforesaid, there arose a duty on the part of defendant, United States by its employee, Mark Loafman, M.D., to provide proper medical care within the standard of care to Katie Dorsey.

**Answer:** The United States admits Mark Loafman is a deemed employee of the United States and admits the remainder of this paragraph.

5. That the defendant, United States by its employee, Mark Loafman, M.D., did then and there breach this aforesaid duty in one or more of the following ways:

   A. Carelessly and negligently failed to diagnose and treat her appendicitis;

   B. Carelessly and negligently failed to investigate the signs and symptoms of her hermodynamic compromise;

   C. Carelessly and negligently failed to perform a physical examination of Katie Dorsey;

   D. Carelessly and negligently failed to treat her appendicitis;

   E. Carelessly and negligently failed to order diagnostic tests to determine if there was a need for surgical consultation.

**Answer:** Deny.

6. That the plaintiff realleges Paragraph Seven of Count I to stand as Paragraph Six of this Count III.

**Answer:**   Deny.

## COUNT IV

The United States makes no answer to this count as it is not directed against the United States.

## COUNT V

1.   That the plaintiff realleges Paragraph One of Count II to stand as Paragraph One of this Count V.

**Answer:**   Defendant United States is without sufficient knowledge or information to form a belief about the averments of this paragraph.

2.   That the plaintiff realleges Paragraph Two of Count IV to stand as Paragraph Two of this Count V.

**Answer:**   Admit.

3-5.   That the plaintiff realleges Paragraphs Three through Five of Count II to stand as Paragraphs Three through Five of this Count V.

**Answer:**   Defendant United States realleges its responses to paragraphs three through five of Count II to stand as its responses to paragraphs three through five of this Count V.

6.-7.   That the plaintiff realleges Paragraph Seven and Eight of Count IV to stand as Paragraph Six and Seven of this Count V.

**Answer:**   Defendant United States denies the allegations of paragraph six and is without knowledge or information sufficient to form a belief about the averments of paragraph seven.

## COUNT VI

1.  That the plaintiff realleges Paragraph One of Count III to stand as Paragraph One of this Count VI.

**Answer:** Defendant United States is without knowledge or information sufficient to form a belief about the averments of this paragraph.

2.  That the plaintiff realleges Paragraph Two of Count IV to stand as Paragraph Two of this Count VI.

**Answer:** Admit.

3-5.  That the plaintiff realleges Paragraphs Three through Five of Count III to stand as Paragraphs Three through Five of this Count VI.

**Answer:** Defendant United States restates its responses to paragraphs three through five of Count III as its responses to paragraphs three through five of this count.

6-7.  That the plaintiff realleges Paragraphs Seven and Eight of Count IV to stand as Paragraphs Six and Seven of this Count VI.

**Answer:** Defendant United States denies the allegations of paragraph six and is without sufficient knowledge or information to form a belief about the averments of paragraph 7.

WHEREFORE, the United States requests that this case be dismissed with costs and that the court award such further relief as may be appropriate.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

        By: s/Donald R. Lorenzen
          DONALD R. LORENZEN
          Assistant United States Attorney
          219 South Dearborn
          Chicago, IL 60604
          (312) 353-5330
          Donald.Lorenzen@usdoj.gov

## Certificate of Service

The undersigned Assistant United States Attorney hereby certifies that the following document[s]:

THE UNITED STATES' ANSWER

was served on March 24, 2008, in accordance with FED. R. CIV. P. 5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

 s/ Donald R. Lorenzen
DONALD R. LORENZEN
Assistant United States Attorney
219 South Dearborn Street
Chicago, Illinois 60604
(312) 353-5330